UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HENRY KRONBACH,

      Plaintiff,

vs.                                                      Case No.  3:04-cv-409-J-20MCR

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

**THIS CAUSE** is before the Court on Plaintiff Henry Kronbach's Complaint (Doc. No. 1) seeking judicial review of an administrative decision denying his claim for Social Security benefits.[1]  The Court has thoroughly reviewed the record, the briefs and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **REVERSED and REMANDED** for further findings consistent with this Memorandum Opinion and Order.

I.    **PROCEDURAL HISTORY**

Plaintiff protectively applied for a period of disability and disability insurance benefits (DIB) on May 8, 2001, alleging he became unable to work on November 26, 2000.  (Tr. 79, 80).  The Social Security Administration denied Plaintiff's application initially and upon reconsideration.  (Tr. 43-51, 52-55).  Plaintiff filed a timely request for a hearing on the matter asserting he was unable to engage in substantial gainful work

---

[1]The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  *See* Doc. No. 9.

activity. (Tr. 56).  Plaintiff's request was granted and a hearing was conducted by an administrative law judge ("ALJ") on June 4, 2003.  (Tr. 279-313).

The ALJ rendered a decision on October 17, 2003, concluding Plaintiff was not disabled and therefore not entitled to a period of disability or DIB under Sections 216(I) and 223 of the Social Security Act.  (Tr. 13-29).  Plaintiff filed a timely request for review by the Appeals Council.  (Tr. 9).  The Appeals Council denied Plaintiff's request on April 5, 2004 (Tr. 5-8), thereby making the ALJ's October 17, 2003 decision the final decision of the Commissioner.  See 20 C.F.R. §§ 404.955, 404.981.  Plaintiff subsequently filed a timely Complaint (Doc. No. 1) in the United States District Court on May 27, 2004.

## II.   NATURE OF DISABILITY CLAIM

### A.   The Complaint

Plaintiff claims to be disabled since November 26, 2000, due to diabetes and continuing leg and back pain.  In his memorandum in support of the Complaint (Doc. 11), Plaintiff presents two arguments for the Court's review.  First, Plaintiff argues the ALJ erred by failing to properly evaluate the findings and opinions of his treating physician.  Specifically, Plaintiff contends the ALJ failed to employ applicable Social Security Rules and Regulations as well as provide good cause for rejecting the treating physician's opinion.  Second, Plaintiff argues the ALJ failed to properly consider his subjective complaints of pain and therefore erred in finding Plaintiff's testimony not fully credible.  Additionally, Plaintiff contends the ALJ failed to articulate adequate reasons for partially discrediting his pain testimony.  Accordingly, Plaintiff requests the ALJ's

decision be reversed and the matter remanded for the payment of benefits. Alternatively, Plaintiff requests the matter be remanded to allow the ALJ to properly evaluate the treating physician's opinion. Upon remand, should the ALJ disregard the treating physician's testimony, Plaintiff further requests the ALJ provide the requisite good cause for doing so.

In response, the Commissioner argues the ALJ properly evaluated the opinion of Plaintiff's treating physician. The Commissioner maintains the treating physician's opinion was not supported by clinical evidence and therefore not entitled to controlling weight. Additionally, the Commissioner argues the ALJ's findings as to Plaintiff's credibility are proper and supported by substantial evidence. Accordingly, the Commissioner requests her final decision be affirmed.

## B.    Summary of the Evidence Before the ALJ

Plaintiff was born May 13, 1952, and was 51 years of age at the time the ALJ's issued his October 17, 2003 decision. (Tr. 281). Plaintiff possesses a high school education and completed two years of college. Id. Plaintiff's past relevant work includes employment as a cook and kitchen helper, fast-food restaurant manager, newspaper delivery driver, convenience store cashier/clerk, pizza delivery driver and material handler. (Tr. 91, 97, 111, 130-131, 282-286). Plaintiff's past work ranges from unskilled to skilled in nature, and from light to heavy in exertional levels. (Tr. 22-23). Plaintiff alleges he became unable to work on November 26, 2000, due to diabetes; a back injury; and back pain which radiates to his legs. (Tr. 14).

-3-

On December 11, 2000, Dr. Warren S. Groff ("Dr. Groff"), Plaintiff's treating primary care physician, found Plaintiff suffered left low back pain and acute left sciatica. (Tr. 196). A subsequent MRI of Plaintiff's lumbar spine revealed (1) an inferiorly extruded herniated nucleus pulposus in the midline at L4-5 causing mild central stenosis as well as (2) left-sided disk protrusion and intervertebral osteophytes with left lateral recess stenosis at L5-S1. (Tr. 194). Dr. Michael S. Scharf, Plaintiff's treating orthopedic physician, confirmed the MRI results and recommended Plaintiff undergo a course of epidural steroid injections to treat his back pain. (Tr. 154).

Subsequently, on September 11, 2001, Dr. Groff found Plaintiff suffered non-insulin dependent diabetes mellitus and prescribed Glucophage. (Tr.187-190). Within a month of his diagnosis, Plaintiff's diabetes was described as under good control. (Tr. 186). Plaintiff however continued to experience lower back pain radiating into his hips, legs and toes accompanied by numbness. (Tr. 180-202).

On August 17, 2001, Harry Collins, M.D., a consulting, board-certified orthopedic surgeon completed a physical residual functional capacity assessment to aid in determining whether Plaintiff was disabled. Based upon his review of the administrative record, Dr. Collins opined Plaintiff could: (1) frequently lift 10 pounds and occasionally lift 20 pounds; (2) sit, walk or stand for six hours with regular breaks; (3) push/pull without limitation; (4) occasionally stoop or crouch and frequently climb, balance, kneel and crawl. Dr. Collins further opined that Plaintiff retained the residual functional capacity ("RFC") to perform light work. Likewise, based upon his review of the

-4-

administrative record, on October 28, 2001, Eric Puestow, M.D. also opined that

Plaintiff retained the RFC to perform light duty work

On September 4, 2002, at Plaintiff's request, Dr. Groff completed a medical

source statement of Plaintiff's ability to perform work-related physical activities. (Tr. 173,

198-199). In sum, Dr. Groff concluded that Plaintiff's functional limitations precluded

him from performing all types of work.  Specifically, Dr. Groff opined Plaintiff retained

the capacity to: (1) lift 10 pounds frequently and up to 50 pounds occasionally; (2)

walk/stand less than two hours; (3) sit less than two hours with freedom to stand every

30 minutes; (4) perform limited pushing/pulling using his lower extremities; (5)

occasionally climb, stoop and crouch; and (6) never kneel or crawl. (Tr. 198-199).

Additionally, Dr. Groff opined Plaintiff should not be exposed to fumes, odors, gases,

dust or heights.  Id.

## C.    Summary of the ALJ's Decision

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R.

sections 404.1520, 416.920.  First, if a claimant is working at a substantial gainful

activity, he is not disabled.  29 C.F.R. § 404.1520(b).  Second, if a claimant does not

have any impairment or combination of impairments which significantly limit his physical

or mental ability to do basic work activities, then he does not have a severe impairment

and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet

or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is

disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent

him from doing past relevant work, he is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if

a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. § 404.1520(f).

In this case, at step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  At step two, the ALJ found Plaintiff had both discogenic and degenerative disorders of the back and diabetes mellitus, severe impairments as defined by the Regulations.  At step three, the ALJ found Plaintiff's impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  At step four, the ALJ found Plaintiff's impairments prevented him from doing his past work.

In making his finding, the ALJ relied on the opinions of Drs. Collins and Puestow, the consulting physicians.  The ALJ noted Plaintiff's treating physician, Dr. Groff, provided a "very restrictive assessment" of Plaintiff's ability to perform work-related activities, particularly standing, walking and sitting.  (Tr. 20).  According to the ALJ, Dr. Groff's assessment was not supported by his patient notes which consistently demonstrated that Plaintiff's diabetes was well controlled with the use of medication and that Plaintiff had: (1) no focal tenderness or spasms in his back; (2) negative straight leg raising; (3) good range of motion in his hips with no attenuation of back or leg pain; and (4) a normal gait.  (Tr. 20 ).

With respect to Plaintiff's allegations of disabling back and leg pain, the ALJ found Plaintiff's testimony not fully credible.  In doing so, the ALJ determined the medical evidence presented did not support the level of severity asserted by Plaintiff.

-6-

The ALJ further determined the extent to which Plaintiff's daily activities were limited appeared self-imposed.  Additionally, the ALJ noted Plaintiff refused to seek a second opinion of his condition and adamantly refused to consider surgery as a treatment option.  (Tr. 178, 200).

The ALJ found Plaintiff retained the RFC to sit for eight hours so long as he was free to stand for at least one or two minutes per hour; stand for three hours; lift ten pounds frequently and 20 pounds occasionally; and never kneel or crawl.  Based upon Plaintiff's RFC, age, education, and past work, at step five of the sequential evaluation, the ALJ further found Plaintiff was capable of performing a significant range of light work.[2]  Accordingly, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act, and therefore not entitled to a period of disability or DIB.

## III.   STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Foote v.

---

[2]In making his determination, the ALJ also relied on the opinion of a vocational expert.

Chater, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing* Walden v. Schweiker, 672 F.2d 835,

838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401 (1971).

Where the Commissioner's decision is supported by substantial evidence, the

district court will affirm, even if the reviewer would have reached a contrary *result* as

finder of fact, and even if the reviewer finds that the evidence preponderates against

the Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir.

1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must

view the evidence as a whole, taking into account evidence favorable as well as

unfavorable to the decision.  Foote, 67 F.3d at 1560; *accord,* Lowery v. Sullivan, 979

F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine

reasonableness of factual findings).

## IV.   ANALYSIS

### A.   The ALJ's Evaluation of the Medical Evidence

Plaintiff initially argues the ALJ failed to provide the requisite good cause

necessary for rejecting Dr. Groff's opinion that Plaintiff's functional limitations precluded

him from sustaining work on a regular and consistent basis.  Additionally, Plaintiff

argues that, in evaluating Dr. Groff's opinion, the ALJ failed to consider the various

factors set forth in 20 C.F.R.§ 404.1527(d).

Substantial weight must be given to the opinion, diagnosis and medical evidence

of a treating physician unless there is good cause to do otherwise.  See Lewis v.

Callaghan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580,

583 (11th Cir. 1991); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  If a treating

physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Edwards, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; and 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See Wilson v. Heckler, 734 F.2d 513, 518 (11th Cir. 1984); see also 20 C.F.R. § 404.1527(d)(2).

Here, the ALJ found Dr. Groff's assessment of Plaintiff's functional limitations unsupported by objective medical evidence. In rejecting the assessment, the ALJ generally noted Dr. Groff's findings were inconsistent with his treatment notes and highly restrictive of Plaintiff's ability to perform work related activities. Absent from the decision however is a discussion of any specific reason why the ALJ determined Dr.

Groff's opinion was not entitled to controlling weight.  Also absent from the decision is a discussion of the factors set forth in 20 C.F.R. § 404.1527(d).  If the ALJ did in fact consider the factors set forth in 20 C.F.R. § 404.1527(d), it is not evident based upon the Court's review of his decision.  Therefore, it is impossible for the Court to provide meaningful review as to whether the ALJ's evaluation of the treating physician's opinion was supported by substantial evidence.  See Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).  Accordingly the matter is **REMANDED** for further findings.

The Court offers no opinion as to whether Dr. Groff's opinion must be afforded controlling weight; however, on remand, the ALJ must "state the weight he accords to each item of impairment evidence and the reasons for his decision to accept or reject that evidence." Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990) (citing Gibson v. Heckler, 779 F.2d 619 (11th Cir. 1986)).  Furthermore, if on remand, the ALJ determines the treating physician's opinion does not warrant controlling weight, he must nevertheless weigh the medical opinion based on the factors set forth in 20 C.F.R. section 404.1527(d).

**B.     The ALJ's Consideration of Plaintiff's Subjective Complaints of Pain**

Next, Plaintiff argues the ALJ erred in finding his subjective testimony of pain not fully credible.  Pain is a non-exertional impairment, Foote, 67 F.3d 1553, 1560 (11th Cir. 1995), that may be disabling even when unsupported by objective medical evidence. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).  However, mere allegations of pain by the Plaintiff are not conclusive of disability.  20 C.F.R. § 404.1529(a).  In the Eleventh Circuit, subjective allegations of pain must be evaluated using the "pain

standard" that applies when a claimant attempts to establish disability through subjective symptoms.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986)).  The pain standard requires that the Commissioner evaluate allegations of pain if there is "evidence of an underlying medical condition, and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain."  Foote, 67 F.3d at 1560.  If an ALJ decides to discredit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so or the record must be clear as to the credibility finding.  Id. at 1561-62.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  Id. at 1562.

In this case, the ALJ concluded Plaintiff suffered back disorders and diabetes mellitus, severe impairments as defined by the Regulations.  (Tr. 19).  Collectively, Plaintiff's back disorders evidence an impairment which meets the second prong of the Eleventh Circuit's pain standard as an objectively determined medical condition of such severity that could produce his alleged pain.  Upon direct examination, Plaintiff testified he experiences constant pain in his back radiating to his legs.  (Tr. 289).  Plaintiff further testified he experiences pain in his back while sitting, standing, and walking as well as bending and lifting.  (Tr. 288-290).

The ALJ's decision provides little assessment of Plaintiff's complaints of pain; rather, the ALJ notes Plaintiff's failure to obtain a second opinion from a specialist and

Plaintiff's adamant refusal to consider additional back surgery as a treatment option. (Tr. 20-21). Additionally, the ALJ concluded Plaintiff's pain was not severe enough to totally inhibit his ability to work, and, as such, discredited all of his allegations of pain. After the Court's thorough review of the record, however, it remains unclear whether the ALJ's credibility determination is supported by substantial evidence.

Social Security Ruling 96-7p and 20 C.F.R. 404.1529(c) and 416.929(c) recognize that a claimant's statements about symptoms often suggest a greater level of impairment than can be shown by objective medical evidence alone. In such cases, the ALJ must consider the following factors, in addition to the objective medical evidence, when assessing the credibility of a claimant's statements:

1.  The individual's daily activities;

2.  The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3.  Factors that precipitate and aggravate the symptoms;

4.  The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5.  Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6.  Any measure other than treatment the individual uses or has used to relieve pain or other symptoms;

7.  Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p; 20 C.F.R. §§ 404.1529(c); 416.929(c).

Here, the ALJ's entire credibility determination is predicated upon the conclusion that Plaintiff's allegations of pain are not supported by objective medical evidence. Plaintiff testified that he is unable to sustain gainful employment due to the constant back and leg pain he experiences; yet, the ALJ relied on the consulting physicians' opinion that Plaintiff is capable of performing light duty work. Notwithstanding the Court's foregoing discussion of the ALJ's evaluation of the medical evidence, this is clearly a case where the Plaintiff's statements about his symptoms suggest a level of impairment greater than is supported by the objective medical evidence considered. As such, the ALJ should have taken into account the factors outlined in SSR 96-7p in making his credibility determination.

If the ALJ did in fact consider these factors, again, it is not apparent from his decision. While at least one of the factors is mentioned, Plaintiff's daily activities, there is simply no indication of the weight the ALJ accorded the factor. Other factors listed in SSR 96-7p such as the effectiveness, dosage, and side effects of Plaintiff's medication are completely missing from the decision. Accordingly this matter is **REMANDED** for further findings. The ALJ is instructed to reconsider Plaintiff's complaints of pain and clarify the basis of his decision. In doing so, the ALJ should be mindful of the aforementioned standards of the Eleventh Circuit and the requirements of SSR 96-7p. If the ALJ concludes that Plaintiff's pain testimony is not credible, he should fully explain his decision in detail and clearly articulate specific reasons for discounting the testimony which are supported by substantial evidence in the record.

## V.    CONCLUSION

For the foregoing reasons, the Clerk of the Court is directed to enter judgment

pursuant to sentence four, 42 U.S.C. § 405(g) **REVERSING** the Commissioner's

decision and **REMANDING** this matter for findings regarding the medical evidence

presented; Plaintiff's allegations of pain; and any additional matter deemed appropriate.

Thereafter, the Clerk is directed to close the file.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this _9ᵗʰ_ day of

September, 2005.


**MONTE C. RICHARDSON**
United States Magistrate Judge


Copies to:

Counsel of Record
Any Unrepresented Party

-14-